2001 UT 45

**Jody GREAVES, Plaintiff and Appellee,**

v.

**Jerry D. BAKER, Defendant and Appellant.**

**No. 990689.**

Supreme Court of Utah.

June 5, 2001.

Rehearing Denied July 26, 2001.

Bart J. Johnsen, Salt Lake City, for plaintiff.

Wendell P. Ables, Salt Lake City, for defendant.

DURHAM, Justice:

¶ 1 This case is an interlocutory appeal from two orders of the district court denying defendant Jerry D. Baker's motions to dismiss plaintiff Jody Greaves' cause of action against him to establish an unsolemnized marriage. We affirm.

¶ 2 Greaves brought this action against Baker on February 5, 1998, to establish an unsolemnized marriage.[1] Baker moved to dismiss the action on the ground that Greaves' claim was not adjudicated within one year as set forth in section 30–1–4.5 of the Utah Code, which provides for the establishment of an unsolemnized marriage. The trial court denied Baker's motion on December 2, 1998, ruling that the one-year adjudication requirement was (1) unconstitutional as a violation of article I, section 11 of the Utah Constitution, known as the "open courts provision," (2) contrary to public policy, and (3) unenforceable because of basic equity concerns and considerations.

¶ 3 Baker later filed a second motion to dismiss, arguing that (1) the district court had held section 30–1–4.5 unconstitutional in its entirety, or (2) the entire common law

marriage statute was unenforceable because the one-year adjudication requirement was not severable from the remainder of the statute. The trial court denied Baker's second motion to dismiss on July 27, 1999. Thereafter, Baker petitioned the court of appeals for permission to appeal from the interlocutory orders of December 22, 1998, and July 27, 1999. The court of appeals granted Baker's petition, and the case was transferred to this court to be joined for argument with *Clark v. Clark*, 2001 UT 44, 27 P.3d 538, because it also involved the interpretation of the one-year adjudication requirement found in section 30–1–4.5.

¶ 4 As stated in *Clark v. Clark*, 2001 UT 44, 27 P.3d 538, also decided today, this court's holding in *In re Marriage of Gonzalez*, 2000 UT 28, 1 P.3d 1074, is controlling precedent. Because *Gonzalez* "requires only the *filing* of a petition for adjudication of marriage within one year after the termination of the relationship," *id.* at ¶ 30 (emphasis in original), the constitutional, policy, and equitable concerns raised by the trial court's order are moot. Furthermore, because the trial court's ruling that the statute is unconstitutional is moot, Baker's second motion to dismiss is also moot. Therefore, we affirm the trial court's rulings on December 2, 1998 and July 27, 1999, denying both of Baker's motions to dismiss.

WILKINS, Justice, concurring in the result:

¶ 5 For the reasons set forth more fully in my concurrence in *Clark v. Clark*, 2001 UT 44, ¶ 24–29, 27 P.3d 538, also issued today, I concur only in the result reached, and not in the reasoning that supports it. I agree that *In re Marriage of Gonzalez*, 2000 UT 28, 1 P.3d 1074, is controlling precedent. On that basis alone I concur.

¶ 6 Justice DURRANT concurs in Justice WILKINS' concurring opinion.

---

1. Greaves also brought claims for paternity and partnership. The paternity was conceded, and the partnership cause of action was dismissed.

Therefore, the only claim remaining is for establishment of common law marriage.

RUSSON, Associate Chief Justice, dissenting:

¶ 7 I dissent for the same reasons I dissented in *Clark v. Clark,* also decided today, and *In re Marriage of Gonzalez,* 2000 UT 28, ¶ 52, 1 P.3d 1074 (Russon, J., dissenting, joined by Howe, C.J.). According to the plain and unambiguous language of section 30–1–4.5 of the Utah Code, in order for an unsolemnized marriage to be legal and valid, a court or administrative order recognizing such marriage *must* occur during the relationship "or within one year following the termination of that relationship." Utah Code Ann. § 30–1–4.5(2) (1998). The majority's construction of section 30–1–4.5 as requiring only the *filing* of a petition for adjudication of marriage within one year after the termination of that relationship contravenes the plain meaning of the statute and, by doing so, ignores well-settled principles of statutory interpretation consistently applied by this court.

¶ 8 Chief Justice HOWE concurs in Associate Chief Justice RUSSON'S dissenting opinion.